TIMOTHY D. SAGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sager v. Commissioner
Docket No. 14868-86.
United States Tax Court
T.C. Memo 1988-207; 1988 Tax Ct. Memo LEXIS 233; 55 T.C.M. (CCH) 825; T.C.M. (RIA) 88207; May 9, 1988
Timothy D. Sager, pro se. Ramon Estrada, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 387 in petitioner's 1982 Federal income tax. The sole issue for decision is whether petitioner's stipend received as a student in 1982 is excludable from gross income under section 117(a). [1]
*234 FINDINGS OF FACT Some of the facts have been stipulated, and the facts set forth in the stipulation are incorporated in our findings by this reference. Petitioner resided in College Station, Texas, when the petition was filed. During 1982 petitioner was a student at Texas A & M University (the university) and a candidate for a degree in history. Between January and May of 1982, i.e., spring semester of the university's academic year, petitioner was enrolled in a graduate English seminar which required teaching English composition to freshmen at Texas A & M or Prairie View A & M University. One of the seminar's objectives was to provide those enrolled the opportunity to discuss and review their teaching experiences. As an instructor, petitioner lectured to two sections of students, maintained office hours, prepared and graded tests and graded student essays. Petitioner received credit hours and a grade for successfully completing the seminar. The university paid each seminar student a stipend of approximately $ 500 per month while teaching. Under this arrangement petitioner received a total stipend of $ 2,513 (the stipend) during the taxable year. The university maintained *235 records of its 1982 payments to petitioner in its payroll register and sent a Form W-2 to petitioner, and a copy to the Internal Revenue Service, with regard to such payments. On his 1982 income tax return, petitioner excluded the stipend from his gross income. In his notice of deficiency, respondent increased petitioner's gross income by the amount of the stipend. OPINION Section 117(a) excludes from gross income any amount received as a scholarship or fellowship grant. Generally, a "scholarship" or "fellowship grant" includes an amount paid to or for the benefit of an individual to aid him or her in the pursuit of study or research. Sec. 1.117-3, Income Tax Regs. These terms do not include, however, (1) compensation for unemployment services, (2) payments for services which are subject to the direction or supervision of the grantor, or (3) payments to enable an individual to pursue research or studies that are primarily for the grantor's benefit. Sec. 1.117-4(c), Income Tax Regs. Where the recipient of stipend income is a degree candidate, teaching, research or other services performed for the educational institution do not constitute employment services if equivalent services *236 are required of all candidates for the degree. Sec. 117(b)(1); sec. 1.117-2(a)(2), Income Tax Regs. In Bingler v. Johnson,394 U.S. 741, 751 (1969), the Supreme Court upheld the validity of section 1.117-4(c), Income Tax Regs., stating that: the definitions supplied by the Regulation clearly are prima facie proper, comporting as they do with the ordinary understanding of "scholarships" and "fellowships" as relatively disinterested, "no-strings" educational grants, with no requirement of any substantial quid pro quo from recipients. Accordingly, we must determine whether the university paid petitioner merely to further his education or primarily to compensate him for his services. This is a factual determination, and petitioner bears the burden of proof. Rule 142(a), Tax Court rules of Practice and Procedure.
We conclude that petitioner was paid to work rather than to study. The evidence indicates that petitioner, as an English instructor, performed substantial services for the university, that the university paid a stipend to each student who performed these services, that the university's payments to petitioner coincided with his performance, and that *237 the university accounted for such payments as wages. Collectively, these facts suggest that petitioner and the university intended the stipend to be compensation for services. There is no evidence suggesting that the university provided the stipend on merit, financial need, or any basis other than petitioner's performance of services for the university. Further, there is no evidence indicating that all candidates for the degree which petitioner sought were required to teach or perform equivalent services as a condition to receiving the degree. Although petitioner may have derived some general educational benefit from the teaching experience, in light of the nature of his services and the English Department's apparent supervision over his instruction, his services appear to have been primary benefit to the university. Petitioner thus may not exclude the stipend from his 1982 gross income. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect during the year in issue. ↩